IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

DANELLE CANNON, Individually and on behalf of
J.H., a minor                                                                                          PLAINTIFFS

v.                                                              CIVIL ACTION NO. 1:25-CV-40-SA-DAS

WEST POINT CONSOLIDATED SCHOOL DISTRICT and
JOSHUA KUHSTOSS                                                                                    DEFENDANTS

ORDER

On January 16, 2025, Danelle Cannon, who is proceeding individually and on behalf of J.H., a minor (collectively "the Plaintiffs"), initiated this litigation by filing their Complaint [2] against West Point Consolidated School District ("WPCSD") and Joshua Kuhstoss. The Plaintiffs assert claims for assault, infliction of emotional distress, and retaliation under the ADA. On March 19, 2025, the Defendants timely removed the case to this Court, premising federal jurisdiction on the basis of federal question. Now before the Court is the Defendants' Motion for Judgment on the Pleadings [23], which is ripe for review. Having considered the parties' filings, along with the applicable authorities, the Court is prepared to rule.

*Relevant Background*

The lawsuit stems from an incident that occurred at West Point High School during the school day on February 23, 2024. On that date, J.H., a student at the school, was involved in a physical altercation with another student. Kuhstoss, an employee of WPCSD, assisted in breaking up the altercation. This litigation is in essence related to the manner in which Kuhstoss intervened. In their Amended Complaint [16], which is now the operative complaint, the Plaintiffs allege:

> As video evidence shows, Kuhstoss reacts to student Chakyra's (last name unknown at this time) unprovoked physical assault on J.H. by picking up J.H. from the scrum, slamming her to the ground, and shoving his knee into J.H.'s neck to keep her pinned to the floor.

> Again, it should be noted that J.H. was the victim of an ongoing assault at the time Kuhstoss singled her out and threw her to the ground.

[16] at p. 2.

The Plaintiffs further allege that "[a]s a result of Kuhstoss' outrageous assault, J.H. suffered—and continues to suffer—physical pain and limitation of the back, neck, and shoulders, as well as psychological injuries including, but not limited to, bad sleep, bad dreams, and headaches." *Id*. at p. 3.

In addition to state law claims for assault and intentional and negligent infliction of emotional distress, the Plaintiffs allege a claim entitled "retaliation." *Id*. at p. 4. In that section of the Amended Complaint [16], the Plaintiffs aver that J.H. was temporarily disabled as a result of the alleged assault and that WPCSD refused to accommodate her temporary disability. In their view, the failure to accommodate ran afoul of the ADA and it was done "in retaliation for J.H.'s interest in pursuing legal action against WPCSD and Kuhstoss[.]" *Id*.

The Plaintiffs seek a litany of damages, including medical expenses, pain and suffering, and emotional distress, among others.[1]

In the present Motion [23], the Defendants seek dismissal of all claims. The Plaintiffs concede as to certain arguments that the Defendants raise and contest others.

*Analysis and Discussion*

While the Defendants' arguments span numerous issues, the Court finds it appropriate to focus on their arguments pertaining to the Plaintiffs' third claim, which references the ADA. In their Memorandum [24], the Defendants point out that "what relief [the Plaintiffs] seek is unclear."

---

[1] They also assert a separate claim entitled "expenses related to mother's efforts to mitigate the physical and psychological damages of the physical assault," though, rather than a substantive claim, this allegation appears to be a separate damages request.

2

[24] at p. 16. For instance, they note that the claim is titled as one for retaliation, yet the allegations relate to a failure to accommodate. The Court shares this confusion. Importantly, though, in their Response Memorandum [20], the Plaintiffs state "[r]egarding all retaliation claims cited in [sic], this counsel was instructed by his superiors to present the retaliation claims. Counsel would not be opposed to dismissing this claim." [20] at p. 5.

The Plaintiffs' representation regarding the reason why the ADA claim was initially pled is somewhat unclear; however, it is clear that they do not intend to pursue that claim.

Ultimately, the failure of a party to address an opposing party's argument in favor of dismissal justifies dismissal of the claim as abandoned. *See Tubwell v. Specialized Loan Serv., LLC*, 2019 WL 1446362, at *3 (N.D. Miss. Mar. 29, 2012) (noting that the non-movant's failure to respond to the moving party's motion for summary judgment on certain claims "amounts to an abandonment of [those] claims"); *see also Scott v. Spencer Gifts, LLC*, 2015 WL 4205242, at *1 (N.D. Miss. July 10, 2015) ("In their response, Plaintiffs have made no argument and offered no proof in support of their claims of intentional infliction of emotional distress and failure to train or supervise, and thus the Court finds these theories to be abandoned."); *Sanders v. Sailormen, Inc.*, 2012 WL 663021, at *3 (N.D. Miss. Feb. 28, 2012) (collecting cases) ("Failure to address a claim results in the abandonment thereof.").

Consequently, the Plaintiffs' ADA claim is hereby DISMISSED *with prejudice*.

Because the Plaintiffs' ADA claim was the only federal claim asserted and the basis for the removal of the case to this Court was federal question, the Court turns to the issue of subject matter jurisdiction. Although neither party raised the issue, the Court maintains an independent obligation to ensure it has jurisdiction. *See, e.g., Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006) ("[C]ourts . . . have an independent obligation to determine

whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."). This obligation extends to all stages of the litigation—not only when the case is removed. *See*, *e.g.*, *Reule v. Jackson*, 114 F. 4th 360, 365 (5th Cir. 2024) ("The issue of subject matter jurisdiction cannot be waived, and federal courts are duty-bound to examine the basis of subject matter jurisdiction at all stages in the proceedings and dismiss if jurisdiction is lacking.") (citations and internal quotation marks omitted).

Because there is no longer a viable federal cause of action in this case, the Court's continued exercise of jurisdiction must be in accordance with its authority to exercise supplemental jurisdiction. Pursuant to 28 U.S.C. § 1367(c), district courts may decline to exercise supplemental jurisdiction over a claim if "(1) the claim raises a novel or complex issue of state law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." *Seals v. Mississippi*, 998 F. Supp. 2d 509, 526-27 (N.D. Miss. 2014). In making its determination as to whether to exercise supplemental jurisdiction, "the court is guided by the . . . statutory factors as well as the common law factors of judicial economy, convenience, fairness, and comity." *Id*. at 527 (citing *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008)). In the Fifth Circuit, "the general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial[.]" *Id*. (quoting *Brookshire Bros. Holding, Inc. v. Dayco Prod. Inc.*, 554 F.3d 595, 602 (5th Cir. 2009)); *see also Sahlein v. Red Oak Capital, Inc.*, 2015 WL 736340, at *2 (N.D. Miss. Feb. 20, 2015) (citations omitted) ("[T]he Fifth Circuit has stated that its general rule is to decline to exercise jurisdiction over pendent state-law claims when all federal claims are dismissed or otherwise eliminated from a case prior to trial.").

Applying this standard, the Court, in accordance with the general rule in the Fifth Circuit, declines to exercise supplemental jurisdiction over the remaining claims. This decision is particularly warranted in this case considering that the case was only recently instituted. No discovery has been conducted by the parties, as the case has been stayed since the Defendants' filing of their request for dismissal on immunity grounds. *See* [11]. The parties therefore will not suffer any significant harm because of this Court's declination to exercise supplemental jurisdiction.

In sum, this case now involves *only* state law claims between in-state Defendants.[2] The Court will not exercise supplemental jurisdiction and will *sua sponte* remand this case to the Circuit Court of Clay County. *See*, *e.g.*, *Wilson v. Claiborne Cnty. Hosp.*, 2005 WL 8174980, at *1 (S.D. Miss. Oct. 7, 2005) (citing *Howard v. Lemmons*, 547 F. 2d 290, 290 (5th Cir. 1977)) ("This Court has a continuing obligation to address lack of subject matter jurisdiction prior to consideration of the merits, and to dismiss or remand a case *sua sponte* if no subject matter jurisdiction exists."); *Bias v. Foster*, 2020 WL 1811369, at *1 (M.D. La. Apr. 9, 2020) (declining to exercise supplemental jurisdiction under 28 U.S.C. § 1367 and *sua sponte* remanding case); *see also Moore v. City of Columbus*, 2025 WL 1235424, at *4 (N.D. Miss. Apr. 29, 2025); *Souquette v. Strategic Const., Ltd.*, 2019 WL 13538691, at *6 (W.D. Tex. Aug. 13, 2019). Doing so will further the common law factors of judicial economy, convenience, fairness, and comity. There is nothing unfair about matters of state law between in-state parties being litigated in state court.

---

[2] To be clear, there has been no allegation as to the citizenship of Kuhstoss. However, the Court notes that he is an employee of WPCSD. Even if Kuhstoss is an out-of-state resident who works for WPCSD, there would not be complete diversity since WPCSD is a political subdivision of the State of Mississippi and the Plaintiffs allege that they are are Mississippi residents. *See* [16] at p. 1. *See Atlantic Specialty Ins. Co. v. Webster Cnty., Miss.*, 2014 WL 3437019, at *2 (N.D. Miss. July 11, 2014) ("[T]he Fifth Circuit and this Court have similarly held that political subdivisions . . . are citizens of the State for diversity purposes.") (citations omitted).

Without any federal cause of action, there is no reason for this case, which again is still in its infancy, to remain in federal court. Ultimately, there is simply no legitimate basis to depart from the general rule in the Fifth Circuit.

*Conclusion*

To the extent the Motion [23] seeks dismissal of the ADA claim, it is GRANTED. The Plaintiffs' ADA claim is hereby DISMISSED *with prejudice*.

The Court declines to exercise supplemental jurisdiction over the remaining claims. This case is hereby REMANDED to the Circuit Court of Clay County, Mississippi. The Clerk of Court is hereby directed to take all steps necessary to accomplish the remand. As to the proceedings in this Court, this CASE is CLOSED.

SO ORDERED, this the 28th day of January, 2026.

/s/ Sharion Aycock
SENIOR UNITED STATES DISTRICT JUDGE